UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JUSTIN RAY RATHBUN,<br><br>　　　　　　Defendant. | Case No. 1:15-cr-00053-BLW<br><br>**REPORT AND RECOMMENDATION** |

　　　　On July 16, 2015, Defendant Justin Ray Rathbun appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement (Dkt. 16).  The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

　　　　The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense in Count One to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt, the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.  The Government did not oppose continued release, noting that there have been no violations of the pretrial release conditions to date. Further, Defendant presented a showing of reasons beyond compliance to date for the Court's consideration.

In this case, the Government withdrew its motion for detention at the time of Defendant's initial appearance and arraignment and Defendant was released on a strict combination of standard and additional conditions by Magistrate Judge Larry M. Boyle on February 17, 2015. (Dkt. 8, 12.) Since his release, Defendant has been compliant with all aspects of pretrial supervision, including active participation in a substance abuse treatment program.  Defendant has maintained employment at a level sufficient to provide for himself and contribute substantially to the household where he resides with his girlfriend and three young children.  Additionally, Defendant provided a letter from a representative of Health and Welfare which reports no concerns with Defendant's custodial relationship with the three children in his household at present.  Letters from Defendant's employer, the treatment provider (TARC) and Health and Welfare were submitted to the Court and filed under seal with the minutes to the plea hearing.  Finally,

**REPORT AND RECOMMENDATION - 2**

Defendant emphasized the fact that he was exceptionally cooperative at the time of the execution of the search warrant and his arrest (as verified by the factual basis for the plea agreement and otherwise by the Government during the plea hearing).

The Court finds the above circumstances, taken collectively, constitute clear and convincing evidence that Defendant is not likely to flee or pose a danger to the community if release is continued pending sentencing.  Further, the Court finds detention pending sentencing would unduly disrupt or interfere with not only Defendant's ongoing substance abuse treatment program, but also his parental/household responsibilities and employment.  The Court finds, accordingly, the totality of these circumstances constitute exceptional reasons why Defendant's detention pending sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)      The District Court accept Defendant Justin Ray Rathbun's pleas of guilty to Counts One and Three of the Indictment (Dkt.1);

2)      The District Court order forfeiture consistent with Defendant's admission to the Criminal Forfeiture allegations in the Indictment (Dkt.1) and the Plea Agreement (Dkt.16);

3)      The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts Two, Four and Five of the Indictment as to Defendant; and

4)      The District Court continue Defendant's release subject to the conditions

imposed by the Court's Order Setting Conditions of Release (Dkt. 12).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: July 16, 2015

Honorable Candy W. Dale
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 4**